UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT KERNAN, et al.,<br><br>Defendants. | Case No. 1:19-cv-0255-JLT (PC)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO ADD A DEFENDANT AND MOTION TO STAND ON COMPLAINT;**<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL;**<br><br>**ORDER REQUIRING PLAINTIFF TO FILE A RESPONSE**<br><br>(Docs. 1, 20, 21)<br><br>**THIRTY-DAY DEADLINE** |

Plaintiff has filed complaint asserting constitutional claims against governmental employees and/or entities.[1] (Doc. 1.) Generally, the Court is required to screen complaints brought by inmates seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] After plaintiff initiated this action, he filed two motions to amend the complaint, which the Court denied as moot pursuant to Federal Rule of Civil Procedure 15(a). (See Docs. 12, 13, 15.) Since then, plaintiff filed a notice that he does not wish to amend his complaint followed by a motion to add one defendant (Warden Joel Martinez) but otherwise leave the allegations of the original complaint intact. (See Docs. 18, 20.) Most recently, plaintiff filed a motion reiterating that he "'stands on his complaint' against the named defendants. That no further amendment of any nature is in order, nor given." (Doc. 21.) In light of plaintiff's most recent directive, the Court will screen the original complaint as is.

1

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. Pleading Standard**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Prisoners may bring § 1983 claims against individuals acting "under color of state law." See 42 U.S.C. § 1983, 28 U.S.C. § 1915(e) (2)(B)(ii). Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II. Plaintiff's Allegations**

Plaintiff's claims arose while he was incarcerated at Sierra Conservation Center ("SCC") in Jamestown, California. He brings this action against Scott Kernan, Secretary of the California Department of Corrections and Rehabilitation and H. Anglea, Warden of SCC. Plaintiff sues both defendants in their official and individual capacities. He seeks damages only.

2

Plaintiff's allegations may be fairly summarized as follows:

On May 17, 2018, a large-scale riot involving over 300 inmates occurred at SCC. When the alarm sounded, plaintiff immediately complied with procedures by getting down and staying down until given permission to move. While he was down, however, some inmates attacked plaintiff from behind, taking advantage of plaintiff's defenseless position. As a result, plaintiff suffered severe injuries. The riot was ultimately quelled using 11 OC Blast Grenades, 12 CN Grenades, 3 40mm Baton Rounds, 4 40mm Direct Impact Rounds, and multiple MK-9 OC deployments. In addition, a state of emergency was announced in Tuolumne County because of the number of emergency personnel that arrived at SCC to help quell the riot.

Plaintiff accuses the defendants of deliberate indifference to the safety of inmates based on the repeated instances of mass riots at SCC, including one involving over 350 inmates in August 2017 and multiple riots in July and August 2018, one of which resulted in the death of an inmate. Plaintiff also claims that SCC fails to employ enough guards such that often there are violent incidents to which staff members take too long to respond. He blames the unsafe conditions at SCC on "overcrowding, too much inmate movement, and not enough staff, escape routs [*sic*] or safety zones…."

Secretary Kernan is named because he "is responsible for creating, approving, implementing, enforcing, or in some other way possessing responsibility for the continued operation of CDCR safety policies the directing of which holds him accountable for a constitutional violation." Compl. ¶ 10. Warden Anglea is named because she "is responsible for creating, approving, implementing, enforcing, or in some other way possessing responsibility for the continued operation of facility safety policies the wardenry [sic] of which holds her accountable for a constitutional deprivation." Id. ¶ 12.

**III.  Discussion**

    **A.  Official v. Individual Capacity Claims**

In this damages action, plaintiff sues the defendants in their individual and official capacities. But plaintiff may not bring a suit for damages against defendants in their official capacities. "The Eleventh Amendment bars suits for money damages in federal court against a

state, its agencies, and state officials in their official capacities." <u>Aholelei v. Dept. of Public Safety</u>, 488 F.3d 1144, 1147 (9th Cir. 2007) (citations omitted). However, the Eleventh Amendment does not bar suits seeking damages against state officials in their personal capacities, <u>Hafer v. Melo</u>, 502 U.S. 21, 30 (1991); Porter v. Jones, 319 F.3d 483, 491 (9th Cir. 2003), or suits for declaratory or injunctive relief brought against state officials in their official capacities, <u>Austin v. State Indus. Ins. System</u>, 939 F.2d 676, 680 n.2 (9th Cir. 1991). Therefore, plaintiff fails to state a claim for damages against defendants in their official capacities.

### B. Eighth Amendment

#### a. Legal Standards

The Eighth Amendment requires prison officials to protect prisoners from violence at the hands of other prisoners because "being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833-34 (1970); <u>Clem v. Lomeli</u>, 566 F.3d 1177, 1181 (9th Cir. 2009). To prevail on a failure-to-protect claim, a plaintiff must demonstrate facts that satisfy a two-part test: (1) that the alleged deprivation was, objectively, sufficiently serious, and (2) that the official was, subjectively, deliberately indifferent to the inmate's safety or acted with "a sufficiently culpable state of mind." <u>Id.</u> at 834; <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000) (internal citation omitted).

Under the objective prong, "[w]hat is necessary to show sufficient harm for the purposes of the Cruel and Unusual Punishment Clause depends on the claim at issue." <u>Hudson v. McMillian</u>, 503 U.S. 1, 8 (1992). For a failure-to-protect claim, the prisoner must show that he was placed in conditions that posed a substantial risk of serious harm. <u>Farmer</u>, 511 U.S. at 834, quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991).

The subjective prong requires "more than ordinary lack of due care for the prisoner's interest or safety." <u>Farmer</u>, 511 U.S. at 835 (quotation omitted). To prove deliberate indifference, a plaintiff must show that the official knew of and disregarded an excessive risk to inmate safety. <u>Id.</u> at 837. This standard "does not require that the ... official believe to a moral certainty that one inmate intends to attack another at a given place at a time certain before that

officer is obligated to take steps to prevent such an assault," but it does require that the official "have more than a mere suspicion that the attack will occur." Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986) (citation omitted). Also, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer, 511 U.S. at 844.

Additionally, "[i]n emergency circumstances, such as those that exist during a prison uprising, where prison officials must weigh the competing institutional interests of ensuring the safety of staff, visitors, and inmates, and where life-and-death decisions must be made quickly," prison officials' actions and accompanying state of mind "should be measured against the Whitely standard for an Eighth Amendment violation." Johnson, 217 F.3d at 734. Under this standard, whether injurious actions by prison officials violate the Eighth Amendment turns on whether the actions were made "in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Id. at 733 (quoting Whitely v. Albers, 475 U.S. 312, 320-21 (1986)). As such, prison officials' actions aimed at restoring order during exigent circumstances do not violate the Eighth Amendment where the officials "were motivated by the sorts of penological and safety concerns which are committed to the sound discretion of prison officials and to which [courts] give considerable deference." Johnson, 217 F.3d at 734.

Finally, a plaintiff alleging an Eighth Amendment violation must "demonstrate that the defendants' actions were both an actual and proximate cause of [his] injuries." Lemire v. Cal. Dep't of Corrs. and Rehab., 726 F.3d 1062, 1074 (9th Cir. 2013). "The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Johnson v. Duffy, 588 F.2d 740, 743–44 (9th Cir. 1978).

### b. Analysis

Plaintiff's allegations satisfy the objective prong of the Eighth Amendment. He alleges that inmates at SCC are insufficiently protected in the face of recurring large-scale riots; that

there are an inadequate number of guards to deal with the violence at SCC; and that as a result, plaintiff suffered severe injury.

As for the subjective prong, plaintiff names each of the defendants in his or her supervisory capacity. "A defendant may be held liable as a supervisor under § 1983 if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (quoting Watkins v. City of Oakland, 145 F.3d 1087, 1093 (9th Cir. 1998)). Additionally, "[s]upervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Redman v. Cty. San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1994).

As noted, Warden Anglea is named because she "is responsible for creating, approving, implementing, enforcing, or in some other way possessing responsibility for the continued operation of facility safety policies the wardenry [sic] of which holds her accountable for a constitutional deprivation." Compl. ¶ 12. Considering the large-scale riots and violent incidents at SCC alleged by plaintiff, the Court will presume that this defendant, by virtue of her position, had prior knowledge of the violence and the ability to implement changes or new policies that could protect inmates. Her alleged failure to do so satisfies the subjective prong.

Plaintiff's allegations as to Secretary Kernan are less clear. Plaintiff claims that this defendant "is responsible for creating, approving, implementing, enforcing, or in some other way possessing responsibility for the continued operation of CDCR safety policies the directing of which holds him accountable for a constitutional violation." Compl. ¶ 10. But which "safety policies" are at issue are not specified. It may be that plaintiff is challenging the alarm procedures

that require inmates to get down and stay down until given permission to move. Per plaintiff, this policy exposed him to harm from other inmates, who took advantage of his defenseless position. It may also be that plaintiff is challenging safety policies at SCC that relate to riots specifically and overall inmate safety generally. Either way, the link between the defendant's conduct and plaintiff's injury are less direct than with the previous defendant. There is no allegation, for example, that Secretary Kernan was aware of injury to inmates based on the alarm policy and/or that he was aware that safety policies at SCC were inadequate. Accordingly, plaintiff's allegations against Secretary Kernan fail to state a claim.

**IV.     Motion to Appoint Counsel**

Plaintiff's complaint includes a motion for the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

**V.     Conclusion**

Based on the foregoing, Plaintiff's complaint states a cognizable Eighth Amendment claim against Warden Anglea. No other claims are cognizable as pled.

The Court will grant plaintiff the opportunity to file an amended complaint to cure noted defects, to the extent he believes in good faith he can do so. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment).

If plaintiff does not wish to file an amended complaint, and he is agreeable to proceeding only on the claim found to be cognizable, he may file a notice informing the Court that he does

not intend to amend, and he is willing to proceed only on his cognizable claim. The undersigned will then recommend that his remaining claims be dismissed.

If plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted). Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Accordingly, the Court ORDERS as follows:

1. Plaintiff's motion to add a defendant (Doc. 20) and motion to stand on complaint (Doc. 21) are DENIED as moot;
2. Plaintiff's motion for appointment of counsel (Doc. 1) is DENIED;
3. The Clerk's Office shall send plaintiff a blank civil rights complaint form;
4. Within 30 days from the date of service of this order, plaintiff must:
   a. File an amended complaint curing the deficiencies identified by the Court in this order, or
   b. Notify the Court in writing that he does not wish to file an amended complaint and he is willing to proceed only on the claim found to be cognizable in this order; or

c. Notify the Court in writing that he wishes to stand on his complaint as written; and

5. If plaintiff fails to comply with this order, the undersigned will recommend the action be dismissed for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated: **January 13, 2020**         **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE