UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. ANGLEA,<br><br>　　　　　Defendant. | Case No. 1:19-cv-0255-NONE-JLT (PC)<br><br>**ORDER REFERRING THE CASE TO POST-SCREENING ADR PROJECT AND STAYING THE CASE FOR 90 DAYS** |

When at least one defendant has been served and/or filed an answer, the Court is referring all post-screening, civil rights cases filed by pro se inmates to the Post-Screening Alternative Dispute Resolution Project to attempt to resolve cases more quickly and less expensively. Defense counsel from the Office of the California Attorney General has agreed to participate in this pilot project. No defenses or objections are waived by participation.

As set forth in the screening order, the Court has found the plaintiff has stated at least one cognizable civil rights claim. Thus, the Court **STAYS this action for 90 days** to allow the parties to investigate the plaintiff's claims, meet and confer and participate in a settlement conference.

There is a presumption that all post-screening civil rights cases assigned to the undersigned will proceed to settlement conference. However, if after investigating plaintiff's claims and speaking with plaintiff, and after conferring with defense counsel's supervisor, counsel

1

finds in good faith that a settlement conference would be a waste of resources,[1] defense counsel may move to opt out of this pilot project.

**Within 35 days**, the assigned Deputy Attorney General **SHALL** contact the Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference. If the settlement conference cannot be set quickly due to the court's calendar, the parties may seek an extension of the initial 90-day stay. Based upon the foregoing, the Court **ORDERS**:

1. **This action is STAYED for 90 days** to allow the parties an opportunity to settle their dispute before a responsive pleading is filed, or the discovery process begins. No other pleadings or other documents may be filed in this case during the stay. The parties **SHALL NOT** engage in formal discovery, but they may jointly agree to engage in informal discovery.

2. **Within 30 days from the date of this order**, the parties **SHALL** file the attached notice, indicating their agreement to proceed to an early settlement conference or whether they believe settlement is not achievable at this time.

3. **Within 35 days from the date of this order**, the assigned Deputy Attorney General **SHALL** contact this court's Courtroom Deputy Clerk at SHall@caed.uscourts.gov, to schedule the settlement conference;

4. If the parties settle their case during the stay of this action, they **SHALL** file a Notice of Settlement as required by Local Rule 160;

5. The Clerk of the Court **SHALL** serve via email, copies of: a. plaintiff's complaint (Doc. 1), b. the screening order (Doc. 24), and c. this order to Supervising Deputy Attorney General Christopher Becker, and copy of this order to ADR Coordinator Sujean Park;

////
////
////

---

[1] By way of guidance, if the defense intends to file an exhaustion motion and believes in good faith that it has a significant chance of success, this would be a likely circumstance where the opt-out provision should be employed.

2

6. <u>The parties are reminded of their obligation to keep the court informed of any changes of addresses during the stay and while the action is pending</u>. Changes of address must be reported promptly in a separate document entitled "Notice of Change of Address." *See* L.R. 182(f).

IT IS SO ORDERED.

Dated: **July 26, 2020**                         /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>H. ANGLEA,<br><br>    Defendant. | Case No.  1:19-cv-0255-NONE-JLT (PC)<br><br>**NOTICE REGARDING EARLY SETTLEMENT CONFERENCE** |

    1.    The party or counsel for the party signing below, agrees that there is a good chance that an early settlement conference will resolve this action and wishes to engage in an early settlement conference.

        Yes    ____        No    ____

    2.    The plaintiff (Check one):

        _____ Would like to participate in the settlement conference in person, OR

        _____ Would like to participate in the settlement conference by video conference.

Dated:

_____

Plaintiff or Counsel for Defendants

4