UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>H. ANGLEA,<br><br>    Defendant. | Case No. 1:19-cv-00255-JLT (PC)<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CORRECTION OF COUR ERROR**<br><br>(Doc. 52)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO RENAME SCOTT KERNAN AS DEFENDANT PARTY IN ADDITION**<br><br>(Doc. 53) |

Plaintiff has filed a motion for correction of the caption of the case appearing the order and writ of habeas corpus related to a settlement conference scheduled for March 18, 2021. (Doc. 52.) After the Court conducted a pre-settlement conference and continued the settlement conference to September 2, 2021, the Court lifted the stay of the case and vacated the writ. (Doc. 57, 58.) Accordingly, the Court **DENIES AS MOOT** Plaintiff's motion for correction of the Court's order and writ. (Doc. 52.)

Plaintiff has also filed a motion to rename Scott Kernan as defendant in this action. (Doc. 53.) On January 14, 2020, this Court entered a screening order addressing the liability of Scott Kernan, the Secretary of the California Department of Corrections and Rehabilitation as follows:

> Secretary Kernan is named because he "is responsible for creating, approving, implementing, enforcing, or in some other way possessing

> responsibility for the continued operation of CDCR safety policies the directing of which holds him accountable for a constitutional violation." Compl. ¶ 10.
>
> . . . Plaintiff claims that this defendant "is responsible for creating, approving, implementing, enforcing, or in some other way possessing responsibility for the continued operation of CDCR safety policies the directing of which holds him accountable for a constitutional violation." Compl. ¶ 10. But which "safety policies" are at issue are not specified. It may be that plaintiff is challenging the alarm procedures that require inmates to get down and stay down until given permission to move. Per plaintiff, this policy exposed him to harm from other inmates, who took advantage of his defenseless position. It may also be that plaintiff is challenging safety policies at SCC that relate to riots specifically and overall inmate safety generally. Either way, the link between the defendant's conduct and plaintiff's injury are less direct than with the previous defendant. There is no allegation, for example, that Secretary Kernan was aware of injury to inmates based on the alarm policy and/or that he was aware that safety policies at SCC were inadequate. Accordingly, plaintiff's allegations against Secretary Kernan fail to state a claim.

(Doc. 24 at 3, 6–7.) The Court ordered Plaintiff to file an amended complaint, notify the Court that he does not wish to file an amended complaint and is willing to proceed only on the claim against Warden Anglea, or notify the Court that he wishes to stand on his complaint. (*Id.* at 8–9.)

On January 23, 2020, Plaintiff filed a response, electing to "forego an amendment, wishing to stand on his complaint as written, and is agreeable towards proceeding only on the claim found to be cognizable. The remaining claims may be dismissed." (Doc. 26.) The Court issued findings and recommendations to dismiss the non-cognizable claims and ordered service of the complaint on Warden Anglea. (Doc. 27.) After Plaintiff filed no objections, the Court adopted the findings and recommendations and dismissed the non-cognizable claims, including the claims against Secretary Kernan. (Doc. 32.)

Notwithstanding his prior election to stand on his complaint and allow the dismissal of the remaining claims, (Doc. 26), Plaintiff now seeks to "rename" Kernan as a defendant "[b]ecause Kernan upheld [a] CDCR housing policy that bunks inmates per their race, street gang, and/or prison gang affiliation." (Doc. 53.) Plaintiff argues that this "designation policy" is "unconstitutional because this 'management' FOSTERS this rioting behavior amongst the entire general population" (*Id.* (alteration in original).)

2

| | |
|---|---|
| 1 | Plaintiff does not indicate on which rule of procedure he relies for such relief. However, the Court liberally construes the pleading to seek relief from an order under Federal Rule of Civil Procedure 60(b) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). However, the motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time— . . . no more than a year after the entry of the . . . order." Fed. R. Civ. P. 60(c)(1). The order that Plaintiff seeks relief from was entered on January 14, 2020. (Doc. 24.) Plaintiff's motion was filed on March 4, 2021. (Doc. 53.) Because the motion was not filed within a year, the Court **DENIES** the motion to rename Scott Kernan as a defendant. (Doc. 53.) |

IT IS SO ORDERED.

Dated: **July 6, 2021**              /s/ Jennifer L. Thurston
                              CHIEF UNITED STATES MAGISTRATE JUDGE