UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>        Plaintiff,<br><br>    v.<br><br>H. ANGLEA,<br><br>        Defendant. | Case No. 1:19-cv-00255-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR PROHIBITORY INJUNCTION and MOTION TO RETRACT SWORN STATEMENT AND FOR PARTIAL SUMM[ARY] ADJUDICATION**<br><br>(Docs. 62, 66)<br><br>**ORDER DENYING AS MOOT MOTION TO ADMIT AND PROCEED**<br><br>(Doc. 76) |

Plaintiff has filed a motion for a prohibitory injunction, a motion to retract sworn statement and for partial summary judgment, and a motion to admit and proceed. (Docs. 62, 66, 76.) For the following reasons, each of these motions is DENIED.

**I.    Motion for Prohibitory Injunction**

Plaintiff filed a motion for an injunction preventing Valley State Prison or CDCR from transferring him to another facility following a reclassification hearing scheduled for April 16, 2021. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). To obtain a preliminary injunction, a plaintiff must establish (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his/her

favor; (4) that an injunction is in the public interest. *Id.* at 20. An injunction is unavailable absent a showing of irreparable injury, i.e., "any real or immediate threat that the plaintiff will be wronged again—a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (internal quotation marks and citation omitted).

A preliminary injunction may be prohibitory or mandatory. "A prohibitory injunction prohibits a party from taking action and preserves the status quo pending a determination of the action on the merits." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009) "[T]he 'status quo' refers to the legally relevant relationship between the parties before the controversy arose." *Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1060–61 (9th Cir. 2014) (citing *McCormack v. Hiedeman*, 694 F.3d 1004, 1019 (9th Cir. 2012)). "A mandatory injunction orders a responsible party to take action." *Marlyn Nutraceuticals*, 571 F.3d at 878–79.

The Prison Litigation Reform Act imposes additional requirements on prisoner litigants seeking preliminary injunctive relief against prison officials. In such cases, "[p]reliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The PLRA limits the court's power to grant preliminary injunctive relief to inmates and "operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators—no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Gilmore v. People of the State of Cal.*, 220 F.3d 987, 998–99 (9th Cir. 2000).

The Court's jurisdiction is "limited to the parties in this action" and the pendency of an action "does not give the Court jurisdiction over prison officials in general or over the conditions of an inmate's confinement unrelated to the claims before it." *Ray v. Sullivan*, No. 1:20-cv-01699-NONE-HBK, 2021 WL 1346023, at *1 (E.D. Cal. Apr. 12, 2021) (quoting *Beaton v. Miller*, 2020 WL 5847014, at *1 (E.D. Cal. Oct. 1, 2020)). Convicted prisoners have no reasonable expectation that they will remain in any particular facility, and prison officials have broad authority to transfer prisoners from one facility to another. *Meachum v. Fano*, 427 U.S.

215, 225, 228 (1976). "An inmate's liberty interests are sufficiently extinguished by his conviction so that the state may change his place of confinement even though the degree of confinement may be different and prison life may be more disagreeable in one institution than in another." *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 224–25; *Olim v. Wakinekona*, 461 U.S. 238, 245 (1982)).

During the pendency of this motion, on July 1, 2021, Plaintiff filed a notice of change of address, advising that he had been transferred from Valley State Prison to Richard J. Donovan Correctional Facility. (Doc. 78.) Therefore, Plaintiff's request for an injunction is moot. Additionally, the Court lacks jurisdiction over prison officials who authorized the transfer, and Plaintiff has failed to demonstrate irreparable injury to warrant injunctive relief. Accordingly, the Court **DENIES** Plaintiff's motion for a prohibitory injunction. (Doc. 62.)

## II. Motion to Retract Sworn Statement and for Partial Summary Adjudication

Plaintiff has filed forty-seven-page motion for partial summary adjudication on the issue of exhaustion of administrative remedies. (Doc. 66.) Defendant filed a response in opposition, in which Defendant acknowledges that Plaintiff completely exhausted his remedies concerning the May 17, 2018, riot at Sierra Conservation Center, through the third level of review. (Doc. 72.) Notwithstanding this acknowledgment by Defendant, Plaintiff's motion must be DENIED for failure to comply with Local Rule 260 and Federal Rule of Civil Procedure 56.

To succeed on a motion for partial summary judgment or adjudication, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto*, 882 F.3d at 872 (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

Although the court must construe pleadings liberally, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cnty*, 693 F.3d 896, 925 (9th Cir. 2012). Additionally, Local Rule 183 provides: "Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*." L.R. 183(a).

Even with a liberal construction of Plaintiff's motion, the Court finds that Plaintiff has failed to comply with Local Rule 260, which provides:

> Each motion for summary judgment or summary adjudication shall be accompanied by a 'Statement of Undisputed Facts' that shall enumerate discretely each of the specific material facts relied upon in support of the motion and cite the particular

4

portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon to establish that fact.

L.R. 260(a). Instead of enumerating material facts that support his motion for summary adjudication, Plaintiff's motion is a narrative of events and individuals unrelated to the riot that occurred on May 17, 2018. In addition to these pleading deficiencies, on the merits, Plaintiff's motion fails to demonstrate that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Plaintiff also seeks to retract a sworn statement, apparently in an attempt to establish the absence of a factual dispute. However, Plaintiff has not identified the particular statement he seeks to retract. Therefore, the Court **DENIES** Plaintiff's motion to retract sworn statement for partial summary adjudication. (Doc. 66.)

**III. Motion to Admit and Proceed**

Defendant lodged objections to Plaintiff's exhibits submitted in support of Plaintiff's motion for partial summary judgment. (Doc. 73.) In response, Plaintiff filed a motion to admit the exhibits. (Doc. 76.) Because the Court denies Plaintiff's motion for partial summary judgment, Defendant's objections and Plaintiff's motion to admit exhibits are **DENIED as moot**. (Docs. 73, 76.)

**IV. CONCLUSION**

In summary, for the foregoing reasons, this Court ORDERS as follows:

(1) Plaintiff's motion for prohibitory injunction (Doc. 62) is **DENIED**.

(2) Plaintiff's motion to retract sworn statement and for partial summary adjudication (Doc. 66) is **DENIED**;

(3) Defendant's objections to evidence (Doc. 73) are **DENIED as moot**; and

(4) Plaintiff's motion to admit and proceed (Doc. 76) is **DENIED as moot**.

IT IS SO ORDERED.

Dated: __**July 7, 2021**__ _ **/s/ Jennifer L. Thurston**
                                             CHIEF UNITED STATES MAGISTRATE JUDGE