UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>            Plaintiff,<br><br>     v.<br><br>H. ANGLEA,<br><br>            Defendant. | Case No. 1:19-cv-00255-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR INJUNCTION NUMBER TWO AND MOTION TO LODGE NEW DEFENDANT**<br><br>(Docs. 74, 83) |

Plaintiff has filed a second motion for an injunction to prevent his transfer from Valley State Prison or CDCR from transferring him to another facility. (Doc. 74.) He has also filed a motion to amend the pleadings to restore CDCR Secretary Scott Kernan and add Governor Gavin Newsom as a defendant. (Docs. 74, 83.) For the following reasons, each of these motions is DENIED.

**I.      Motion for Injunction**

Plaintiff has filed a second motion for an injunction preventing Valley State Prison or CDCR from transferring him to R.J. Donovan Correctional Facility. (Doc. 74.) This Court addressed this issue in its prior order denying Plaintiff's first motion for an injunction. (Doc. 82.) During the pendency of this motion, on July 1, 2021, Plaintiff filed a notice of change of address, advising that he had been transferred from Valley State Prison to Richard J. Donovan Correctional Facility. (Doc. 78.) Therefore, Plaintiff's request for an injunction is moot.

Additionally, the Court lacks jurisdiction over prison officials who authorized the transfer, and Plaintiff has failed to demonstrate irreparable injury to warrant injunctive relief. Accordingly, the Court **DENIES** Plaintiff's second motion for an injunction. (Doc. 74.)

## II.     Motion to Amend the Pleadings

Plaintiff has also filed a motion to amend the pleadings to restore Scott Kernan as a defendant and to add Governor Gavin Newsom as a defendant. Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend their pleading only with the opposing party's written consent or leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b). To evaluate a motion to amend the complaint under Federal Rule of Civil Procedure 15, the court should consider factors including: (1) undue delay; (2) bad faith; (3) prejudice to the opponent; and (4) futility of amendment. *Loehr v. Ventura Cnty. Cmty. Coll. Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). The third factor, prejudice to the opposing party, carries the greatest weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

There is no showing of bad faith in Plaintiff's request to amend his complaint. However, the court finds that the other three factors favor denial of the motion to amend. To allow Plaintiff to add defendants at this stage would cause undue delay and prejudice to the defendant. This case has been pending since February 22, 2019, and the discovery deadline is August 17, 2020, less than a month away. (*See* Docs. 1, 59.)

As to Plaintiff's request to rename Secretary Kernan as a defendant and to add Governor Newsom as defendant, the amendment would be futile. This court previously advised that under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). Rather than specific factual allegations linking Secretary Kernan and Governor Newsom to Plaintiff's claims of deliberate indifference, Plaintiff raises general complaints about prison

///

culture and state governance. Therefore, an amendment to the complaint based on these allegations would be futile.

Accordingly, Plaintiff's motion to amend his complaint to rename Secretary Kernan and Governor Newsom is **DENIED**. (Doc. 83.)

IT IS SO ORDERED.

Dated:   **July 22, 2021**                    _ /s/ Jennifer L. Thurston
                                              CHIEF UNITED STATES MAGISTRATE JUDGE