UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HECTOR ANDERSON,<br><br>    Plaintiff,<br><br>  v.<br><br>H. ANGLEA,<br><br>    Defendant. | Case No.  1:19-cv-00255-JLT (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br><br>(Doc. 72) |

Plaintiff has filed a motion to compel discovery. Plaintiff seeks a video of Defendant Anglea speaking on April 24, 2019, on the topic of "Integration." Plaintiff argues that the video is relevant because it concerns facts regarding elements in the complaint; the video is a memorialization; Anglea's demeanor may demonstrate an element in Plaintiff's favor; and the video may contain a confession or admission as to Plaintiff's allegations. (Doc. 92 at 2.) Defendant objects to the production as not relevant to the claims and defenses raised in this case. (Doc. 93.)

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . ." Fed. R. Civ. P. 26(1). The court must limit discovery if "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C)(iii). "The party seeking to compel discovery has the burden of establishing

that its request satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Gleason v. Cal. Dep't of Corr. & Rehab.*, No. 2:20-cv-00775-KJM-CKD-P, 2021 WL 4061653, at *3 (E.D. Cal. Sept. 7, 2021) (quoting *Bryant v. Ochoa*, No. 07-cv-0200 JM (PCL), 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009)).

Plaintiff has failed to meet his burden of showing that his request is relevant and discoverable. His reasons for seeking discovery of the April 24, 2019, video are speculative. The video was produced almost a year after the May 17, 2018, incident. In his complaint, Plaintiff attributes the riot to "overcrowding, too much inmate movement, and not enough staff, escape routes, or safety zones repeatedly erupted into race based . . . uncontrollable volatile mass casualty violent riots." (Doc. 1 at 13.) Plaintiff does not allege that racial integration or lack of racial integration caused or contributed to the riot or racial violence.

On this record, Plaintiff has failed to demonstrate that the video is within the scope of discovery. Accordingly, his motion to compel the video is **DENIED**.

Plaintiff also seeks production of a Daily Program Status Report dated August 21, 2017. Defendant states that the document has already been produced but another copy will be provided. Therefore, Plaintiff's request for the status report is **DENIED as moot**.

IT IS SO ORDERED.

Dated:   **September 17, 2021**           _ /s/ Jennifer L. Thurston
                                            CHIEF UNITED STATES MAGISTRATE JUDGE

2